Dear Ms. Hill:
In your letter to this office you state that you hold unclassified employment with the Lafayette Parish School System as an elementary school teacher. You also state that you intend to campaign for the elected position of member of the Lafayette Parish School Board in the October, 2010. You seek the opinion of this office regarding whether you may retain your employment as a school teacher in the Lafayette Parish School System should you be elected to serve as a member of the Lafayette Parish School Board.
The provisions of La.R.S. 17:428(A) govern this matter and provide as follows:
§ 428. Supervisors, principals, teachers and other employees prohibited from serving on employing school board; service on neighboring or other school board
A. After July 27, 1960 no supervisor, principal or teacher or any other school employee of any school board in this state shall be eligible to serve on the board employing such person; however, such person shall be eligible to serve on any other parish or city school board if duly elected or appointed thereto. Whenever any supervisor, principal, teacher or other school employee is elected as a member of any parish or city school board or accepts any appointment to fill an unexpired term thereon and such board is his employer, he shall immediately submit his resignation to his employing board of which he is now a member. Should any such person fail to submit his resignation, the position he holds under such employing board shall be declared vacated by the taking of the oath of office as a member of the employing board. No resignation shall be required of any supervisor, principal, teacher, or other school employee because of *Page 2 
his election or appointment to a parish or city school board of which he is not an employee.
[Emphasis added].
The law does not require you to resign your employment in order to qualify and campaign for the position of school board member. However, La.R.S. 17:428(A) states that upon the election of a school teacher to his employing school board he shall immediately submit his resignation, and should he fail to do so, the position that the teacher holds under the school board shall be declared vacated by his taking of the oath of office as a member of the school board. Accordingly, it is the opinion of this office that you may not at the same time hold elective office and employment with the Lafayette Parish School Board. In accord is La. Atty. Gen. Op. 90-577, copy attached.
We also note that La.R.S. 17:428 has been specifically retained as a viable statute by the Act creating Louisiana's Dual Officeholding and Dual Employment Law, Act 700 of the Louisiana Regular Legislative Session of 1979. Section 8 of Act 700 states:
Section 8. Except for the provisions of Section 428 of Title 17 of the Louisiana Revised Statutes of 1950, all other laws or parts of laws in conflict herewith are hereby repealed and Sections 31, 31.1, 33, and 38 of Title 42 and Section 137 of Title 14, all of Louisiana Revised Statutes of 1950 are hereby specifically repealed.
It is the opinion of this office that the law will require you to resign from your employment as a school teacher, should you be successful in your campaign effort for school board member.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg